**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH OSEWENMENYENWE LAWAL,<br><br>                   Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>                   Respondent. | No. 05-74983<br><br>Agency No. A096-137-605<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2010[**]
San Francisco, California

Before: THOMPSON and McKEOWN, Circuit Judges, and ZILLY,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

Elizabeth Osewenmenyenwe Lawal, a native of Nigeria and a Christian, petitions for review of a final order of the Board of Immigration Appeals, adopting and affirming the decision of an immigration judge ("IJ") to deny her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition for review.

Our review is limited to the administrative record, and we must deem the administrative findings of fact conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(A)&(B). In this case, although the IJ found Lawal's demeanor to be "extremely sincere," the IJ was unable to credit her testimony for the following reasons: (i) Lawal's repeated changes in testimony, particularly when challenged with specific inconsistencies and generally to conform to an earlier declaration prepared by another person; (ii) Lawal's implausible lack of memory concerning the details of her alleged arrest by Nigerian officials enforcing Shari'a (Islamic) law; and (iii) Lawal's inability to articulate a clear, consistent sequence of events. The IJ's adverse credibility finding is based on specific, cogent reasons, supported by substantial evidence, and is entitled to deference. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).

The IJ also concluded that Lawal could relocate to an area of Nigeria in which Christians are in the majority and that she could avoid further harm from her husband by not advising him of her whereabouts. Lawal has not established that the evidence compels a contrary finding. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In the absence of credible evidence of past persecution, a well-founded fear of persecution on account of a statutorily enumerated reason, here, either religion or membership in a particular social group, or the possibility of future torture, Lawal failed to demonstrate eligibility for asylum. *Id.* Lawal waived the withholding of removal and CAT claims because she did not argue them in her brief. "Issues raised in a brief that are not supported by argument are deemed abandoned. Furthermore, an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (citations omitted).

**PETITION FOR REVIEW DENIED.**